W. R. MURRAY v. ADA B. CHAMBERLAIN and Another.[1]

December 24, 1896.

Nos. 10,269—(174).

**Foreclosure of Mortgage—Attorney's Fees.**

*Held,* that there was no error in the trial court denying the defendants' application for a modification of the judgment in an action foreclosing a mortgage directing the payment of attorney's fees, upon the ground that the same was not authorized by the pleading or finding of the court.

Appeals by defendants from so much of a judgment of the district court for Ramsey county as adjudged due to plaintiff and provided for payment of an attorney's fee of $75, and also from an order, Otis, J.; denying a motion to modify the judgment. Affirmed.

*Chas. G. Laybourn,* for appellants.

*F. C. Stevens,* for respondent.

BUCK, J. In the trial court the defendants moved to modify the judgment by striking out the provision directing payment of an at-

1 Reported in 69 N. W. 474.

torney's fee, upon the ground that the same was not authorized by the pleadings or findings of the court. The judgment was entered in an action to foreclose a mortgage. The complaint alleged, the answer admitted, and the court found, that the mortgage foreclosed by this action contained a provision that in case of foreclosure the mortgagee might retain out of the moneys arising from sale, not only the principal and interest due on the note, with all costs and charges, but also the sum of $75, attorney's fees. This amount was authorized by law to be inserted in the mortgage by the sum of money therein secured to be paid, but in the complaint the value of the attorney's fees were not alleged, nor are they referred to in the findings of the court. Subsequently, upon plaintiff's motion, judgment was entered in accordance with the finding of the court, except that it adjudged due, among other things, "Attorney's fees provided in said mortgage, seventy-five dollars," and directed the sheriff, out of the proceeds of the sale, to pay the same to the plaintiff's attorney. Before entry of the judgment, the form and contents thereof were submitted to the attorney for the defendants, who, in his written answer to the letter of submission, stated as follows, "I don't see but what the proposed form of decree is all right," and did not therein make any objection or reference to the provision relating to attorney's fees. The form of the judgment was approved by the court in writing, before entry; and thereupon the mortgaged property was sold, pursuant to this judgment, and bid off by the plaintiff, for the full amount of the debt, including the sum of $75 attorney's fees; and these fees were accordingly paid to plaintiff's attorney by the sheriff, and his report of the sale was thereafter, on notice, duly confirmed, the defendants, however, objecting to such confirmation upon the ground that the payment of such attorney's fees was not authorized.

Upon these facts, the trial court denied the application for a modification of the judgment, and the grounds or reasons for so doing, which we approve, he stated as follows:

"Since the form of this judgment was submitted to the defendants' attorney before the entry containing this provision as to attorney's fees, and he consented to its entry,—for such must be the construction of his letter,—it was unnecessary to make any formal application to the court to fix the amount of these fees; and the judge was justified in fixing the amount of the fees at $75.00, as he did do by expressly

and in writing approving the form of the judgment as so submitted to defendants' attorney before it was entered by the clerk."

We deem a further discussion of the question unnecessary, and the judgment is affirmed.