[L. A. No. 735. Department One.—January 9, 1901.]

## SECURITY LOAN AND TRUST COMPANY, etc., Respondent, v. LENA B. MATTERN and LUKE D. BECHTEL, Appellants.

FORECLOSURE—SEPARATE MORTGAGES FOR SAME INDEBTEDNESS—SINGLE CAUSE OF ACTION—PLEADING—COUNTS—MISJOINDER.—A cause of action to foreclose two separate mortgages made by two different defendants to secure the same indebtedness is single; and the fact that the two mortgages are unnecessarily set forth in what are called the first and second counts of the complaint does not show a misjoinder of distinct causes of action.

ID.—DIFFERENT RELIEF—CHARACTER OF COMPLAINT—MISNOMER.—A complaint, while setting forth a single cause of action, may at the same time ask for different relief from different defendants, according as they are connected with the cause of action; and the character of the complaint is to be determined from its contents, rather than from a misnomer on the part of the pleader.

ID.—SUBSEQUENT MORTGAGE BY ANOTHER AS ADDITIONAL SECURITY—PARTIES TO FORECLOSURE.—In an action to foreclose a mortgage, another person than the original mortgagor, who is averred to have executed a subsequent mortgage, as additional security for the payment of the same debt secured by the prior mortgage, is properly made defendant, in order to secure to the plaintiff the payment of any deficiency that may arise upon foreclosure of the prior mortgage.

ID.—STATEMENT OF OBLIGATION — CERTAINTY. — The statement in the subsequent mortgage that it was given as security for the pay-

ment of a promissory note, according to its terms, made on a specified date by the prior mortgagor to the plaintiff, and secured by mortgage of the same date, giving its date and place of record, is a sufficiently definite description of the obligation for which the subsequent mortgage was given.

ID.—REFERENCE TO RECORD—MISDESCRIPTION OF INSTRUMENT EVIDENCING DEBT—SUBSEQUENT MORTGAGE NOT INVALIDATED.—The subsequent mortgage is not invalidated because the instrument to which it refers as a promissory note set forth in the public record of the prior mortgage is not strictly a promissory note within the definition of the Civil Code; but the subsequent mortgagee is presumed to have known its character, and any misdescription of it will not affect his obligation or relieve him therefrom.

ID.—PROMISE TO PAY PRINCIPAL AND INTEREST COUPONS—PLEADING—UNCERTAINTY.—Where the complaint sets forth at length the instrument secured, showing it to be described by its terms as a "first mortgage real estate note," and to consist of a written promise to pay on a date specified a principal sum named to the plaintiff or order, with interest at a specified rate, according to the tenor and effect of twelve interest coupons of two series, of six coupons each, therein described, the designation of the instrument as a promissory note is immaterial; and no uncertainty is created by setting forth in the complaint at length a copy of one of each series of the coupons.

ID.—CONSIDERATION OF SUBSEQUENT MORTGAGE—RELEASE OF LAND FROM PRIOR MORTGAGE.—Proof that the subsequent mortgage was executed in order to obtain the release by the mortgagor of part of the land included in the prior mortgage, and that the release and the subsequent mortgage were placed together in escrow until the property mortgaged was shown to be unencumbered, and that they were contemporaneously recorded, establishes a sufficient consideration for the subsequent mortgage.

ID.—PLEADING—WANT OF CONSIDERATION—EVIDENCE—REBUTTAL.—Where the maker of the subsequent mortgage pleaded in his answer a want of consideration therefor, and testified thereto, evidence is admissible in rebuttal to establish the consideration thereof, and it cannot be objected that such rebutting evidence is not within the pleadings.

ID.—EFFECT OF RELEASE—UNTENABLE OBJECTIONS.—The release having been obtained in consideration of the subsequent mortgage, and with the consent of all parties interested, neither of the mortgagors can object that the release operated to absolve him from liability, or that the foreclosure of the prior mortgage is for part only of the property originally mortgaged.

ID.—PERSONAL GUARANTY OF PRIOR MORTGAGE—FORECLOSURE OF SUBSEQUENT MORTGAGE—DEFENSE.—The personal guaranty by a third person of the obligation of the prior mortgagor is not available as a defense to a foreclosure of the subsequent mortgage.

ID.—CONVEYANCE OF FIRST MORTGAGED PREMISES TO SECOND MORTGAGOR.—The conveyance of the premises covered by the first mortgage to the mortgagor who executed the subsequent mortgage, though dated prior to the commencement of the action, if not delivered or recorded until after its commencement, is not available as a defense to the action.

ID.—ATTORNEYS' FEES NOT MADE A LIEN.—The second mortgagor cannot object to the allowance of attorneys' fees against the first mortgagor if they are not made a lien upon the land, and no property is directed to be sold in satisfaction thereof.

ID.—FIXING FEES WITHOUT EVIDENCE.—The court may fix the amount of the attorneys' fees without receiving any evidence upon the subject.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The complaint alleged: "That on or about the first day of March, 1895, defendant Lena D. Mattern duly made, executed, and delivered to the plaintiff herein her certain promissory note, in words and figures the following, to wit:

"$3500.00.    First Mortgage Real Estate Note.    No. 892.

"On the first day of March, A. D. eighteen hundred and ninety-eight, for value received I promise to pay Security Loan and Trust Company of Southern California, or order, the sum of thirty-five hundred dollars, and interest thereon from date until maturity at the rate of ten and one-half per cent per annum, payable semi-annually, according to the tenor and effect hereof, and of twelve interest coupons, comprising two series of six coupons each; interest at the rate of six per cent on this note being evidenced by six interest coupons, numbered from one to six inclusive, each for one hundred and five dollars, hereto attached and composing and designated as the first series; and interest at the rate of four and one-half per cent, being evidenced by six interest coupons, each for seventy-eight dollars and seventy-five cents, composing and designated as the second series, bearing even date herewith and detached herefrom, payable at like times and in like manner as said first series of coupons. Principal and interest payable in United States gold coin of the present standard of weight and fineness, at office of said Security Loan and Trust Co., in Los Angeles, California, with New York exchange.

"The interest coupons of either series shall, after (their) maturity (and the principal shall, after its maturity), bear interest at the rate of ten and one-half per cent per annum, compounded semi-annually, and if any interest coupon of either series is not paid at maturity, or in case of failure to comply with any of the requirements of the mortgage given by the maker hereof to secure payment of this note, the principal and accrued interest shall become due and collectible at once, or at any time thereafter during such delinquency, without notice, at the option of the holder of this note. This indebtedness is secured by a mortgage, duly recorded, which is a first lien on the property therein described.

"Dated at Los Angeles, California, this first day of March, 1895.                                    LENA B. MATTERN."

The complaint further set forth a copy of one of each of the two series of coupons, showing each one payable to bearer at the office of the plaintiff, and alleged that the mortgage was executed by said defendant, Lena B. Mattern "to secure the payment of the said promissory note, principal, and interest as provided in said promissory note and the said interest coupons," etc. Further facts are stated in the opinion of the court.

Dunnigan & Dunnigan, and Luke D. Bechtel, for Appellants.

Miller & Brown, for Respondent.

HARRISON, J.—The appellant, Lena B. Mattern, executed to the respondent a mortgage bearing date March 1, 1895, upon certain land in the county of Los Angeles, to secure payment of the sum of three thousand five. hundred dollars, according to the terms of a promissory note therefor executed by her to the plaintiff at the same time, with certain coupons for interest therein specified and described. The mortgage was recorded March 18, 1895. In August, 1897, the mortgagee executed, at the request of Mrs. Mattern, a release of a portion of the mortgaged land, and at the same time, in consideration thereof, the appellant Bechtel executed to the respondent a mortgage upon certain other property to secure the payment of the note executed by Mrs. Mattern. The release bears date June 24, 1897,

and the mortgage of Bechtel bears date August 2, 1897, but each instrument was delivered and recorded August 9, 1897. Mrs. Mattern having failed to make the payments as agreed by her, the present action was brought for the foreclosure of her mortgage, the plaintiff also setting forth in its complaint the execution by Bechtel of his mortgage to secure the same obligation, and praying for a sale of the land described in each mortgage. Answers to the complaint were filed on behalf of each of the appellants, and the cause was tried by the court and judgment rendered in favor of the plaintiff directing a sale of the property described in the Mattern mortgage, and that, if the proceeds thereof should be insufficient to satisfy the amount of the plaintiff's claim, the property described in the Bechtel mortgage should then be sold, and if then there should be a deficiency judgment therefor should be docketed against Mrs. Mattern. From this judgment, and from an order denying them a new trial, Mrs. Mattern and Bechtel have appealed.

Each of the appellants demurred to the complaint upon the ground of misjoinder of causes of action, uncertainty, and want of facts to constitute a cause of action. The demurrers were chiefly based upon the theory that two distinct causes of action are set forth in the complaint—one against Mrs. Mattern and one against Bechtel; and the demurrers specified several objections to portions of the complaint which are therein styled as counts, but which are treated by the demurrants as distinct causes of action. The court properly overruled these demurrers.

Although one portion of the complaint is entitled therein "First Count," and another portion "Second Count," the portions so entitled do not purport to set forth separate causes of action, but to state the facts by which the defendants Mattern and Bechtel are respectively related to the plaintiff's cause of action. A complaint, while setting forth a single cause of action, may at the same time ask for different relief from different defendants, according as they are connected with this cause of action, and its character is to be determined from its contents rather than from a misnomer on the part of the pleader. The averment that the mortgages referred to in the different counts were given as security for the payment of the same promissory note,

and that this note which is set forth in each of the counts is the same note, indicates with sufficient clearness that only one cause of action is set forth in the complaint. Under the averment that the Bechtel mortgage was executed as additional security for the payment by Mrs. Mattern of the notes secured by her mortgage, Bechtel was properly made a defendant for the purpose of securing to the plaintiff, according to the terms of its mortgage, any deficiency that might arise upon the foreclosure of the Mattern mortgage. (See *Hall v. Arnott*, 80 Cal. 348.) The statement in Bechtel's mortgage that it was given as security for the payment of a promissory note dated March 1, 1895, "according to its terms," made by Mrs. Mattern in favor of the plaintiff and secured by a mortgage of the same date, giving also the date and place of record of the mortgage, was a sufficiently definite description of the obligation for which it was given.

Neither is the mortgage invalidated because the instrument set forth in the Mattern mortgage, to which it refers, is not strictly a promissory note within the definition of the Civil Code. Having executed his mortgage as security for the payment of an instrument, "according to its terms," which is set forth in a public record, he is presumed to have known its character, and will not be relieved from his obligation because he has styled it a promissory note. As the complaint sets forth at length the instrument for which the Mattern mortgage was given, its designation as a promissory note is immaterial. That instrument expressly provides for the payment of the interest coupons which are therein described, and no uncertainty is created by subsequently setting forth at length the form of these coupons.

The objection to the averment in the complaint in reference to the item of twenty-nine dollars and fifty-seven cents advanced for the preservation of the Mattern property needs no consideration, since no claim therefor was made by the plaintiff at the trial, and the item is not included in the judgment.

The defendant Bechtel alleged in his answer that the mortgage executed by him was without any consideration, and at the trial he gave testimony to the same effect. Aside from the consideration which is presumed from a written instrument, a

sufficient consideration was shown for the execution of his mortgage. It was shown that he had executed it at the request of Mrs. Mattern, and that prior to its execution Mrs. Mattern, being desirous of effecting an exchange of a portion of the mortgaged premises for other property, a contract for that purpose was prepared by him; that the plaintiff agreed to release this portion of the premises from the lien of her mortgage upon the condition that Bechtel would make this mortgage; that he executed the mortgage at the request of Mrs. Mattern; that the mortgage thus made by him, together with the release by the plaintiff, were deposited in escrow until it was shown to the satisfaction of the plaintiff that Bechtel's property was unencumbered, and that the two instruments were placed of record at the same time. The contention that this evidence was outside of the pleadings was properly overruled. The evidence was admissible in rebuttal of Bechtel's testimony that he had executed his mortgage without any consideration. The further objection that by introducing the release of a portion of the mortgaged premises Bechtel was absolved from liability upon his mortgage is without merit, since it appeared that the mortgage was given for the purpose of procuring the release, and was a part of the same transaction, and that this transaction was conducted in part by Bechtel himself, and was carried into effect with the knowledge and consent of all the parties interested. As the release was given at the request of Mrs. Mattern, her objection that the action is for a foreclosure of only a portion of the property originally mortgaged is entitled to no consideration.

The agreement by Trexler to guarantee the obligation of Mrs. Mattern was not available as a defense to the plaintiff's right to foreclose the mortgage given by Bechtel. Neither was the conveyance of the mortgaged premises to him from Mattern available as a defense in the action. This conveyance was not of record at the commencement of the action, and although bearing date prior thereto, is averred by Bechtel in his answer to have been delivered to him and recorded June 9, 1898, subsequent to the commencement of the action.

Many other objections to rulings of the court in receiving or excluding evidence are presented by the appellants in their

brief, as well as to the action of the court in the trial and determination of the cause, but are not of such a nature as to demand extended consideration. The objection that the court erred in adjudging the attorney's fee allowed to the plaintiff to be a lien upon the land of Mrs. Mattern, thereby creating a greater deficiency to be enforced out of Bechtel's land, is not sustained by the record. The court finds the amount due upon the promissory note for principal and interest thereof, and declares that that amount is a lien upon the lands described in her mortgage, and in its decree directs a sale of sufficient of the land "to raise the amount due unto the plaintiff for the principal and interest and costs of this suit and the expenses of sale." The court does not find or decree that the attorneys' fees allowed by it are a lien upon the land of Mrs. Mattern, or direct the sale of any property in satisfaction thereof. The court was authorized to fix the amount of the attorneys' fees without receiving any evidence upon the subject. (*Clancy v. Plover*, 107 Cal. 272.)

The judgment and order are affirmed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.