MARY R. KINGSLEY v. EMMA ANDERSON and Another.[1]

March 20, 1908.

Nos. 15,512—(29).

**Mortgage Lien.**

A mortgage covenanting to pay a definite sum "according to the tenor and effect" of certain notes, which provide for the payment of that sum, with interest and exchange, creates a lien for the principal sum,. interest, and exchange.

**Tender.**

Where it is sought by tender to discharge a mortgage of record, the tender must be of the exact amount due.

**Mortgage Notes.**

That coupon notes for the amount of the annual interest on a sum secured by a mortgage run in part to the mortgagee and in part to a third person, or bearer, does not destroy the lien of the mortgage for the total interest secured.

Action in the district court for Polk county to foreclose a mortgage upon certain real estate. The case was tried before Watts, J., who ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order, defendant Steenerson appealed. Affirmed.

*Charles Loring,* for appellant.

*A. A. Miller, Tracy R. Bangs,* and *Charles M. Cooley,* for respondents.

JAGGARD, J.

The plaintiff, the owner of a mortgage, brought suit for its foreclosure. Defendant, a purchaser of the land subsequent to the execution of the mortgage, set up by way of answer that he had discharged the lien of the mortgage by a tender of the amount due the plaintiff, and prayed that the plaintiff take nothing. The reply denied the tender. The case was tried by the court without a jury. The conclusion of law was for the plaintiff. This appeal was from the judgment entered thereon.

[1] Reported in 115 N. W. 642, 116 N. W. 112.

The only question in this case is whether the defendant made a tender sufficient to discharge the lien of the mortgage afterward foreclosed. The original mortgage covenanted to pay $500 according to the tenor and effect of a mortgage note, with seven per cent. interest; the instalments of interest on each being further evidenced by five coupon notes. The mortgage on its face did not promise to pay exchange. The notes and coupons contained such promise. The reference in the mortgage to the notes was sufficient to incorporate this additional term into the mortgage lien. The effect was to give a lien for the exchange. See Scheibe v. Kennedy, 64 Wis. 564, 25 N. W. 646; Pike v. Collins, 33 Me. 38; Michigan v. Brown, 11 Mich. 265; Montague v. Stelts, 37 S. C. 200, 15 S. E. 968, 34 Am. St. 736–743; Security v. Mattern, 131 Cal. 326, 63 Pac. 482; Bangs v. Fallon, 179 Mass. 77, 60 N. E. 403. And see Lee v. Fletcher, 46 Minn. 49, 53, 48 N. W. 456, 12 L. R. A. 171. There is no necessary inconsistency between this conclusion and the principle that a mortgage securing a note stated to be for a definite sum, when in fact the note is for a larger sum, is security only for the smaller sum stated in the mortgage. Jones, Mort. § 357. And see Stoddard v. Hart, 23 N. Y. 556. While the effect of the addition of the exchange is to increase the amount secured by the mortgage, that increase is of an incidental charge only. It is like the addition to the purchase price of merchandise of a charge of freight for delivery, of costs incurred, or of charges for care of property properly incurred under particular circumstances, or like the additional charge for collection, for example, of checks deposited.

An agreement was subsequently executed between the parties which, construed as a whole, operated to postpone the date of payment, but did not, by any natural construction, relinquish any right to the payment of exchange under the original note or obligation. The renewal sum was for $500, with interest at seven per cent. That the original coupon notes were payable to one party, and that under the renewal agreement $25 coupons went to one person and $10 coupons to another, "or bearer," altered the condition of payment only as to the payee. Thirty-five dollars interest was secured by lien on the property. Moreover, an overdue coupon was produced on trial and introduced in evidence.

The amount tendered was not made insufficient by the fact that the fee charged for the foreclosure of a mortgage and included in the amount to be paid on redemption was $50. The argument is made that, inasmuch as the mortgage was for $500 only, under the statute only $25 could have been legally inserted as the fee for foreclosure. In point of fact, the mortgage was for $500 and for exchange. The mortgagee was entitled to charge $50 for the foreclosure of that mortgage.

Defendant tendered $535.10. The amount due, including exchange, was $535.55. If this had been an action to redeem, brought by the mortgagor or his successor in interest, and this deficiency had been the only basis of objection to redemption, the court would readily have afforded the mortgagor relief. In fact, however, the result of defendant's position is that the mortgage is discharged of record and that the mortgagee is left with the personal obligation of the mortgagor only. Under such circumstances, the law properly requires an exact tender. Hunt, Tender, p. 197, § 195. The tender here was not sufficient. The defendant, the purchaser, has his remedy by way of redemption.

Judgment affirmed.

On April 24, 1908, the following opinion was filed:

PER CURIAM.

Appellant asked for a rehearing herein and that the judgment be so modified as to exclude the item of $50 attorney's fees therefrom. The original opinion in this case answered in the affirmative the following question which defendant asked in his brief: "Was the provision in the mortgage for $50 attorney's fees a valid provision in view of the statute?" This, we understood, was the question argued. It was, however, further submitted, that the judgment, if permitted to stand, should be modified in respect to the attorney's fees. That point has been argued at some length in this motion. "The statute does not provide," it is argued, "that the mortgagee shall have the specified amount of attorney's fees as a part of the debt, but merely provides that he may charge the mortgagor in the foreclosure proceedings attorney's fees which do not exceed the amount specified." Morse v. Home Savings & Loan Assn., 60 Minn. 316, 62 N. W. 112; Campbell v. Wor-

man, 58 Minn. 561, 60 N. W. 668. No reason, in the case at bar, presents itself for modifying the judgment in respect to the attorney's fees. No motion was made in the court below to correct the judgment in this regard. The present question might therefore fall within the rule laid down in Murray v. Chamberlain, 67 Minn. 12, 69 N. W. 474.

The prayer for relief in the complaint, moreover, sought the recovery of attorney's fees. The court must take judicial notice of the allowance by general statute of that sum under the circumstances. It was not necessary that proof of the value of the services of counsel should be made "where the allowance therefor is made at the conclusion of the trial, for the court may determine the matter from its own experience and the circumstances of the case as disclosed by the record" in view of the statutory provision. Start, C. J., in Cochran v. Cochran, 93 Minn. 284, 287, 101 N. W. 179. It is true this case involved allowance of fees in divorce proceedings. The principle, however, is identical with that here applied.

Motion for rehearing and modification denied.