WASHINGTON SLATE COMPANY v. ALBERT C. BURDICK and Another.[1]

February 13, 1895.

No. 9169.

Note as Payment.

Rule applied that giving and accepting the note of the debtor for an antecedent debt is presumed to be a conditional, and not an absolute, payment of the debt.

Release of Surety—Burden of Proof.

In an action by a creditor against the surety to recover the amount of the debt, in order to establish the defense that the creditor, by agreement with the principal debtor, extended the time of payment, so as to release the surety, the burden is on the surety to plead and prove that such extension was given without his consent.

Evidence—Principal and Surety.

The evidence held not sufficient to show that before giving such extension the creditor had notice or knowledge that one of two joint debtors had become principal, and the other had become mere surety.

Action in the district court for Hennepin county against the defendants, as partners, for a balance due for merchandise bought of the plaintiff. The material allegations in the separate answer of the defendant Hewson, and in the reply thereto, are stated in the opinion. At the trial the court refused to allow the answer to be amended by adding an allegation that the plaintiff extended the time of payment to the defendant Burdick without the consent of the defendant Hewson. The evidence showed that the defendant Burdick mailed to the plaintiff, at its home office, his promissory note, the receipt of which was acknowledged by letter. The court refused to direct a verdict for the plaintiff, and instructed the jury to return a verdict for the defendant Hewson. From an order denying a motion for a new trial, Smith, J., plaintiff appealed. Reversed.

*White & Egelston*, for appellant.

*Fletcher, Rockwood & Dawson*, for respondent.

CANTY, J. This is an action for a balance due for merchandise sold by plaintiff to defendants as partners. The defendant Hew-

[1] Reported in 62 N. W. 285.

son answered, admitting the partnership between him and the defendant Burdick, and the sale of the goods to them, but alleged that the partnership was afterwards dissolved, and that the defendant Burdick, for a valuable consideration, assumed and agreed to pay all the indebtedness of the firm, including this indebtedness, and that due notice of this agreement was given to plaintiff; that thereafter, on October 18, 1893, Burdick made and delivered to plaintiff his individual note for the balance due, bearing interest at the rate of 8 per cent. per annum, and due in 90 days after that date; "that plaintiff accepted said note in payment of the debt" due from defendants. Plaintiff replied, admitting that it received said note, but alleged that the same was taken as collateral security, and not as payment. At the close of the trial the court below ordered a verdict for the defendant Hewson, and from an order denying its motion for a new trial plaintiff appeals.

We are of the opinion that, as a question of law, it may fairly be held from the evidence that the note in question was not given as collateral security, but was given as provisional or conditional payment. The law presumes the giving and acceptance of the note to be a provisional or conditional payment, not an absolute payment. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923. This presumption was not rebutted by the evidence in this case. It may be inferred from the remarks of the trial judge that he held that, as the giving of the note extended the time of payment to Burdick, who had become the principal debtor, such extension released Hewson, who had become a mere surety. It cannot be so held. The burden was on Hewson both to plead and prove that the extension was given without his consent (Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119; 2 Brandt, Sur. § 377); but he neither pleaded nor proved that the extension was given without his consent. Neither does it sufficiently appear that plaintiff ever had notice or knowledge that on the dissolution of the defendant firm Burdick had assumed and agreed to pay the firm debts, so that he became the principal, and Hewson a mere surety. There is evidence tending to prove that after the dissolution, and before this note was given, the plaintiff received from the defendants a notice of dissolution, which also stated that "the business will be conducted by A. C. Burdick, who is hereby authorized to receive all moneys due, and pay all claims against the

firm." Notice that Burdick was authorized to pay all claims against the firm is not notice that he had assumed and agreed to pay those claims, or was bound, as between him and Hewson, to pay them. The correspondence between plaintiff and Burdick after the dissolution tends to prove that plaintiff looked to Burdick, as the successor of the firm, for the payment of the claim. Said notice and correspondence would be competent for the jury to consider, in connection with other competent evidence, to prove notice to plaintiff that Burdick had become principal debtor and Hewson only a surety; but, taken alone, they fall short of proving that fact.

This disposes of all the questions in the case having any merit, and the order appealed from is reversed, and a new trial granted.