## A. B. KLISE LUMBER COMPANY v. A. ENKEMA.[1]

January 7, 1921.

No. 21,963.

**Release of surety by extension of time given to principal.**

    1. A valid agreement between debtor and creditor, extending the time for payment of the debt, releases a surety if made without his consent.

**Consent of surety to extension—charge to jury incorrect.**

    2. A surety cannot be held to have consented to an extension, unless it appears that he evinced such consent by some positive act, and a charge to the effect that he will be deemed to have consented, if he knew of the extension and did not object to it, is erroneous.

Action in the district court for Hennepin county to recover $8,955.35 upon a promissory note. The case was tried before Bardwell, J., and a jury which returned a verdict for $10,332.32. From an order denying his motion for a new trial, defendant appealed. Reversed.

[1] Reported in 181 N. W. 201.

*McDowell & Fosseen,* for appellant.
*Daniel F. Foley,* for respondent.

TAYLOR, C.

Defendant purchased several thousand acres of Michigan land from plaintiff in July, 1913, and gave a promissory note secured by a mortgage on the land for a part of the purchase price, payable on or before four years from its date. Defendant resold the land to a land company which assumed and agreed to pay the mortgage. Various payments were made within the four-year period, apparently by the land company through defendant. After the note became due, the land company made a valid agreement with plaintiff to extend the time for payment of the balance for a period of one year. The land company failed to pay the balance due at the expiration of the extension, and plaintiff brought this suit against defendant on the note to recover such balance. Defendant asserted that the extension was given without his knowledge or consent and released him from liability. Plaintiff asserted that defendant expressly consented and agreed to the extension. The court instructed the jury that defendant would be relieved from liability on the note, if the extension was given without his knowledge and consent, but further instructed them that plaintiff would be entitled to recover if "defendant consented to the extension or had knowledge of it and did not object." The jury returned a verdict for plaintiff and defendant appeals from an order denying a new trial.

Both parties concede that under the doctrine of Travers v. Dorr, 60 Minn. 173, 62 N. W. 269, and similar cases, defendant occupied the position of a surety and was released from liability on the note by the extension of time for its payment, if such extension was made without his consent. The evidence is ample to sustain a finding that he did consent, but does not conclusively establish that such was the fact. The jury might have found that he merely knew of the extension and made no objection to it.

The mere fact that the defendant knew of the extension and made no objection to it, would not operate as a consent to such extension. While the consent need not be in any particular form, it cannot be implied from a mere passive failure to object, but must be evinced by some affirmative or positive act. Executors of Riggins v. Brown, 12 Ga. 271; Stewart v. Parker, 55 Ga. 656; Edwards v. Coleman, 6 T. B. Mon. (Ky.) 567; Sneed's Exrs. v. White, 3 J. J. Marsh. (Ky.) 525, 20 Am. Dec. 175; Lambert v. Shetler, 71 Iowa, 463, 32 N. W. 424. And consent to one extension does not operate as consent to a further extension. Lime Rock Bank v. Mallett, 34 Me. 547; 56 Am. Dec. 673. But the consent of a surety may be inferred from the fact that he was instrumental in procuring the extension. Hallock v. Yankey, 102 Wis. 41, 78 N. W. 156, 72 Am. St. 861; State Bank of Isanti v. Mutual Tel. Co. 123 Minn. 314, 143 N. W. 912, Ann. Cas. 1915A, 1082; Everett v. United States, 6 Port. (Ala.) 166, 30 Am. Dec. 584; Rockville Nat. Bank v. Holt, 58 Conn. 526, 20 Atl. 669, 18 Am. St. 293. It is also possible for a situation to arise where it would be his duty to speak unless he acquiesced. But under the charge of the court the jury could have returned the verdict in question, if they found that defendant had knowledge of the extension and merely took no action. It cannot be said that this error was cured by other parts of the charge, for the court directed particular attention to this statement by repeating it.

As sort of an afterthought, plaintiff urges that as the note was made in Michigan and is payable in that state it is a Michigan contract, and that, under the Michigan negotiable instrument act, the extension of time would not operate to release defendant from liability. It is sufficient to say that the Michigan statute is neither pleaded nor proven, and, consequently, that he must assume that such contracts are still governed by the rules of the common law in that state. 1 Dunnell, Minn. Dig. § 3786.

The order appealed from is reversed.