[No. 17649.    Department Two.    May 11, 1923.]

AMERICAN SECURITY BANK, *Respondent*, v. LIBERTY MOTOR COMPANY *et al.*, *Appellants.*[1]

EVIDENCE (152)—GUARANTY (8)—CONSTRUCTION—PAROL EVIDENCE. A corporate director's written guaranty to a bank, agreeing to pay at maturity any and all loans made to the corporation, its past indebtedness having already matured, is an unambiguous guaranty of future loans, and cannot be explained or varied by parol evidence.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered July 5, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court.    Reversed.

*Moulton & Jeffrey*, for appellants.
*C. L. Holcomb*, for respondent.

PEMBERTON, J.—On the 15th day of September, 1920, the Liberty Motor Company, defendant, was indebted to respondent, the American Security Bank, upon a note given December 10, 1920, in the amount of $5,000, one given May 14, 1920, in the amount of $700, one given March 27, 1920, by W. P. Thresher, one of the appellants, for which the Liberty Motor Company received the money in the amount of $3,500.    Appellants, being the principal stockholders and members of the

[1]Reported in 214 Pac. 1062.

board of directors of the Liberty Motor Company, signed the following agreement:

"Director's Guarantee

"This agreement witnesseth, Whereas the undersigned are the principal stockholders of the Liberty Motor Company, a corporation, and whereas said Corporation is desirous of securing credit from the American Security Bank of Kennewick, Washington, and borrowing money from said bank, and the said bank required security before it will extend it the credit asked for, and whereas the interest of the undersigned will be benefited by the extension of said credit, and it is deemed necessary by the undersigned that said corporation have the credit that can only be secured by this guarantee.

"Now therefore, in consideration of the premises, we, the undersigned,

Gordon H. Taylor, President,

W. P. Thresher, Vice-President,

Chas. H. Swigart,

do hereby jointly and severally guarantee the American Security Bank of Kennewick, Washington, that any and all loans or rediscounts made by the said American Security Bank of Kennewick to the Liberty Motor Company, and any and all renewals thereof, to the aggregate of ten thousand dollars ($10,000.00) with interest, will be paid at maturity of each of the said loans, we jointly and severally obligate ourselves as firmly for the payment thereof, as if each had signed each of said notes evidencing each and all said loans, we, jointly and severally guarantee the costs and attorney's fees.

"This guarantee shall remain in full force and effect until written notice to the said bank by the undersigned to the contrary, and after the payment of all obligations granted to the above named corporation by virtue of this guarantee.    Gordon H. Taylor, Prest.,

"W. P. Thresher, V. P.,

"Chas. H. Swigart.

"Dated at Kennewick, Wash.

"September 15, 1920."

Thereafter, on April 11, 1921, respondent loaned the Liberty Motor Company the amount of $74.70.

The respondent instituted this action to recover against the Liberty Motor Company and appellants the amount due on said notes, claiming that the appellants are liable for the payment of the full amount under their written guaranty, for which amount respondent obtained judgment, and from which this appeal is taken.

The appellants contend that the contract is unambiguous, cannot be explained by oral testimony, and shows upon its face that it was intended as a guaranty of loans to be made by the bank subsequent to the date of the guaranty, and not a guaranty of past indebtedness.

The first paragraph of the contract states the reasons for its execution, the second the promise, and the third the conditions under which the contract may be terminated.    The second paragraph containing the promise is the only portion of the contract now under consideration.   In this portion of the contract appellants agree to pay *at maturity* any and all loans and renewals made by respondent to the Liberty Motor Company to the amount of $10,000, with interest.   The past indebtedness had already matured.   This paragraph is plain and unambiguous and is a guaranty of the future loans exclusively and cannot be explained by parol testimony.

". . . it has been established that where the instrument is free from ambiguity and is in itself susceptible of a clear and sensible construction, parol or extrinsic evidence is not admissible even to explain its meaning or determine the construction of the writing." 22 C. J. 1102. ·

See, also, *Lang v. Spokane,* 87 Wash. 458, 151 Pac. 820; *Traders Nat. Bank v. Washington Water Power Co.,* 22 Wash. 467, 61 Pac. 152.

This contract of guaranty being limited to future loans, the trial court erred in entering judgment against appellants for the past indebtedness.    Respondent is entitled, however, to judgment against appellants W. P. Thresher and the marriage community composed of W. P. Thresher and Mrs. W. P. Thresher, his wife, for the amount due upon the $3,500 note, dated March 27, 1920, and against all the appellants for the amount due on the note of $74.70, dated April 11, 1921, subsequent to the directors' guaranty agreement.

The judgment of the trial court is reversed, and the case remanded with directions to enter judgment in accordance with the views herein expressed.    Appellants to recover their costs.

MAIN, C. J., FULLERTON, and TOLMAN, JJ., concur.