## GOODHUE COUNTY NATIONAL BANK OF RED WING v. JOHN FLEMING.[1]

June 25, 1926.

No. 25,280.

**Written guaranty construed.**

1. A guaranty of the payment of loans to be made by a bank to a mercantile corporation, in which the guarantor was a stockholder, construed to be a general continuing guaranty for the five years specified therein.

**And not limited to single loan.**

2. Surrounding circumstances as well as the plain language of the instrument indicate that the guaranty was not of one particular loan.

**Within time limit loans could be renewed or extended.**

3. The long time during which the guaranty was to be in force and the customary course of business of banks lead to the conclusion that within that time not only could loans be made but that such loans could be renewed or extended.

**When guarantor would not be released by extensions or renewals and when he would be.**

4. Extensions or renewals of loans made within the five-year period without the consent of the guarantor would not release him even if the due date upon such renewals came after the expiration of such period; but a renewal for a definite period, valid as between the lender and borrower, made after the five years without the consent of the guarantor releases him.

[1]Reported in 209 N. W. 533.

**Burden of proof not sustained by defendant.**

    5. The defendant failed to carry the burden placed on him of showing that there had been a valid extension of time in the renewal of all the loans guaranteed so as to release him.

> Guaranty, 28 C. J. p. 904 n. 97; p. 932 n. 5; p. 933 n. 15; p. 959 n.
> 24; p. 961 n. 33; p. 1000 n. 36; p. 1001 n. 50, 52, 59; p. 1025 n. 6;
> p. 1032 n. 92.
> Trial, 38 Cyc. p. 1955 n. 21.

> See 12 R. C. L. p. 1063.
> See note in 43 A. L. R. 1368.

Plaintiff appealed from an order of the district court for Goodhue county, Schultz, J., denying its motion for judgment notwithstanding the verdict or a new trial. Reversed.

*Thomas Mohn* and *Oscar Hallam,* for appellant.

*A. J. Rockne* and *Albert Mohn,* for respondent.

HOLT, J.

Plaintiff appeals from an order denying its motion for judgment non obstante or a new trial, the court having directed a verdict for defendant.

The action is upon a written guaranty, dated January 28, 1916, and executed by 30 persons, one of whom was defendant. So far as material it reads:

"Whereas in the course of the conducting of the business which the said company is carrying on at said City and elsewhere, it is now, and hereafter will often be necessary for the said company to borrow money in addition to its line of credit, and it being understood and agreed by and among all the parties hereto that such money may be borrowed from the Goodhue County National Bank of Red Wing, Minnesota, from time to time, and, Whereas, said Goodhue County Co-operative Company is desirous of providing for such loans of money as it may from time to time need and borrow from said Goodhue County National Bank,

"Now, therefore, it is hereby mutually agreed by and among the parties hereto that the Board of Directors or Board of Managers of

said Goodhue County Co-operative Company shall have full power to and may from time to time borrow such sums of money above mentioned from said Goodhue County National Bank as it may be able to secure when necessary for conducting the business of said company.

"It is further agreed by and among the parties hereto that not only shall said company be liable for all such sums of money so borrowed from said Goodhue County National Bank, but it is also distinctly understood and agreed that in consideration of such loans to said company, each and every one of. the undersigned shall be liable for and hereby promises and agrees to pay to said Goodhue County National Bank any and all such sums of money so obtained or borrowed by said company from said Goodhue County National Bank when the same become due together with interest thereon, and each of the undersigned shall be jointly and severally liable for and bound to pay each of such loans, hereby waiving notice of protest or nonpayment by any of the others, except that it is distinctly understood and agreed that no one individual of the undersigned (except said Goodhue County Co-operative Company) shall be liable at any time to pay more than Five Hundred Dollars ($500.00) under the terms of this agreement.

"This agreement shall not be binding upon the signers hereof until thirty members have signed same.

"It is distinctly understood and agreed that this agreement shall be binding and in full force for a period of five years from date hereof and until all loans made hereunder shall be fully paid."

It appears that in January, 1916, the Goodhue County Co-operative Company, a corporation doing a mercantile business in Red Wing and elsewhere, contemplated the purchase of a lot for $15,000 and the erection of a building thereon for its business. It needed money and turned to plaintiff, who promised aid upon being furnished the above guaranty. It was furnished. Thereafter loans were made, the first one for $15,000, on March 13, 1916, due in a year. There were further loans on dates and in sums as follows: September 5, 1916, $2,500; November 25, 1916, $2,000; December 9, 1916, $2,400;

February 27, 1917, $3,000; June 9, 1917, $5,000; March 13, 1918, $2,000. The original loans were evidenced by the promissory notes of the company, the last four being also indorsed by certain persons. None ran for more than a year. There were renewals in each case, new notes being taken. As to each loan the complaint alleges that such renewal notes were taken subsequent to January, 1921.

The trial court construed the guaranty not to cover renewals or extensions of loans, hence when a loan matured a cause of action upon the guaranty accrued and, since no loan was for a longer period than a year, the plea of the bar of the statute of limitations was sustained. The defendant also insists that he was entitled to a directed verdict, because there was no proof of notice of acceptance of the guaranty, and that it was not a general guaranty, but one limited or restricted to a particular loan, the one of $15,000.

The argument is that in the guaranty the defendant agrees to pay all sums of money borrowed "when the same become due" and, there being nothing said of renewals of the loans, all original loans are barred by the statute. Such a construction is not permissible. The instrument must be construed as a whole. The last paragraph thereof shows the guaranty was to endure for such a length of time that obviously the parties did not intend the loans to run without renewals. Banks do not make long-time loans.

There was no notice of acceptance of the guaranty given defendant. That none was necessary is so thoroughly shown in the recent case of Midland Nat. Bank v. Security Elev. Co. 161 Minn. 30, 200 N. W. 851, that we must decline a reconsideration of the question.

The proposition must also be rejected that this guaranty is restricted to the $15,000 loan obtained for the purchase of the lot. It admits of no doubt that the circumstances surrounding the transaction may be received in evidence and used in interpreting and applying the guaranty where the meaning and application are not clear or certain. Utica City Nat. Bank v. Gunn, 222 N. Y. 204, 118 N. E. 607. But we think this guaranty is not ambiguous, and the circumstances surrounding the giving of the same only serve more clearly to demonstrate that it is a continuing general guaranty for a specified time, and not one securing the repayment of one par-

ticular loan only. The company was expanding its business. A building was contemplated. Upon a lot as expensive as $15,000, the building of course would require a correspondingly large outlay. The loans, substantial in amounts and at short intervals, which were made after this guaranty, confirm what would naturally be expected from the situation. However, the recitals in the instrument itself of the purposes and needs of the company for which plaintiff was to lend money "from time to time" as necessary for the conduct of the business of the company point so clearly to successive loans, limited neither in number nor in amount, that it is not possible by evidence extraneous to the writing to restrict the guaranty to the first loan of $15,000. We think this a continuing general guaranty during a limited period and of the same nature as the one in Bradshaw v. Sibert, 134 Minn. 186, 158 N. W. 830.

Taking this guaranty by its four corners it is quite plain that the loans thereunder were to be such as in the usual course of business banks make to their customers, invariably evidenced by short-time promissory notes, which must be met as they fall due. But since under this guaranty a new loan might be made to take up the one due, it would seem to amount to the same thing to give a new note, returning the old to the maker. The testimony was that, when a renewal note was received, interest was paid and the old note was returned to the company. Whether this interest was paid on the note taken up or in advance on the renewal note does not appear.

From its terms, the surrounding circumstances, and the ordinary course of business of banks, we have no difficulty in construing this guaranty as one securing payment not only of original loans made within the fixed five-year period, but also all renewals of the same during the same period. The authorities so hold where there is a general continuing guaranty either for an unlimited or limited time. Sather B. Co. v. The Arthur R. Briggs Co. 138 Cal. 724, 72 Pac. 352; Nat. Exch. Bank v. Gay, 57 Conn. 224, 17 Atl. 555, 4 L. R. A. 343; Farmers & M. Bank v. Kercheval, 2 Mich. 504; Home Savings Bank v. Hosie, 119 Mich. 116, 77 N. W. 625; Harvey v. First Nat. Bank, 56 Neb. 320, 76 N. W. 870; City Nat. Bank v. Phelps, 16 Hun,

158; Cambria Iron Co. v. Keynes, 56 Oh. St. 501, 47 N. E. 548; Hartwell & R. Co. v. Moss, 22 R. I. 583, 48 Atl. 941; First Nat. Bank v. Wunderlich, 145 Wis. 193, 130 N. W. 98.

The only case cited holding a renewal of the notes evidencing the original loans not covered by the guaranty is American Trust Co. v. Louderback, 220 Pa. St. 197, 69 Atl. 673, 16 L. R. A. (N. S.) 775, which, if not distinguishable from the other authorities by the peculiar wording of the instrument, we consider not in accord with our decisions giving a reasonable construction to the contract so as to accomplish the intention of the parties. Bradshaw v. Barber, 125 Minn. 479, 147 N. W. 650. Pledges, to secure loans such as these, are in purpose like this guaranty, and in Merrill v. Zimmerman, 152 Minn. 333, 188 N. W. 1019, it is said:

"No particular indebtedness was specified when the securities were pledged. It is a well-established rule that pledged property may be retained and applied to the satisfaction in any changed form of the obligation it secured. It stands equally good for a new obligation given as evidence of the original debt, and hence may be held for the satisfaction of a note given in renewal of one for which the property was first pledged."

Defendant pleads that the loans were extended without notice to him, and counsel urges that the record shows such extensions granted after January 28, 1921, of all the loans. This claim presents some difficulty. The procedure at the trial is not to be commended. It started with a jury, but, after part of the evidence was in, the jury was dismissed and the court heard the case, took it under advisement, and then formally directed a verdict in favor of defendant. This was evidently with the consent of both parties. No findings were made. There should have been. Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140. In the memorandum filed with the order directing a verdict, it appears that the decision was based upon the ground that the guarantors were not liable upon renewal notes no matter when made, because made without the consent of the guarantors, and as a necessary consequence the statute of limitations had run. This conclusion as already indicated we deem erroneous. However, that does not necessarily reverse.

The testimony shows that each and every loan made was renewed after the guaranty by its terms expired and that defendant did not consent thereto. As to the $15,000 loan the evidence is clear and conclusive that there was a renewal after January 28, 1921, extending the time for a definite period and upon a valid consideration. But this cannot be said as to all of the loans. The president of plaintiff on cross-examination testified that each loan was renewed after the expiration of the five-year period, but all the renewal notes were not offered in evidence, nor were the terms of the renewals given. Some of those renewals were introduced, and in one or two instances either no due date was inserted or it was merely a demand note. Such would not extend the time so as to release the guarantor. Nat. City Bank v. Zimmer V. R. Co. 132 Minn. 211, 156 N. W. 265. The rule is, the guarantor, if he is to escape from responsibility, has the burden of proving that there has been an extension of time granted the principal debtor beyond that authorized in the guaranty, that such extension is a valid contract for a definite time, and one to which he has not consented. Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; St. Paul Trust Co. v. St. Paul C. of C. 64 Minn. 439, 67 N. W. 350; Northwest T. Co. v. Dahltorp, 104 Minn. 130, 116 N. W. 106. We think defendant did not sustain this burden, and the allegations of the complaint are not sufficient to help him out.

Appellant contends that defendant is in any event liable, for he agreed jointly with the principal debtor to be bound for the payment of the loans and agreed that the guaranty "shall be binding and in full force for a period of five years from date hereof and *until all loans made hereunder shall be fully paid.*" We have italicized the clause upon which so much reliance is placed. The case of Farmers & M. Bank v. Kercheval, supra, presents facts more like those met here than any other case to which our attention has been called. It was there said that any renewal granted within the time limited by the guaranty which extended the due date beyond such time released the guarantor if done without his consent, but that was not necessary to a decision, since it appeared that the renewal was after the

expiration of the time the guaranty was specified to be in force. Nat. Exch. Bank v. Gay, supra; Merchants Nat. Bank v. Hall, 83 N. Y. 338, 38 Am. Rep. 434; D. L. & W. R. Co. v. Burkhard, 114 N. Y. 197, 21 N. E. 156, cited by appellant, do not appear to touch the question now considered. Effect must be given to the time stipulated as the duration for the guaranty. A loan made any time prior to January 28, 1921, would be covered, even if it did not fall due until later, provided it was for such period as banks customarily make, and there should be no difference between making a new loan and renewing or extending one already obtained. On the other hand, since no loan made after the time limited in the guaranty would be secured by it, neither should thereafter a renewal for a definite period be held covered by the guaranty. We therefore conclude that if it is made to appear that after January 28, 1921, without the consent of the guarantors, these several loans were renewed or extended for a definite period by a note or contract valid and binding as between plaintiff and the company, the legal result would be a release of the guarantors.

The order is reversed and the cause is remanded for a new trial.