GOODHUE COUNTY NATIONAL BANK OF RED WING v.
HENRY W. LARSON.[1]

May 11, 1928.

No. 26,572.

**Renewal of bank loans made after expiration of guaranty and without their consent released the guarantors.**

1. Guarantors of loans made to a mercantile company were released from liability by a renewal of the loans for a definite period made after the expiration of the guaranty without their consent.

**Later guaranty, silent as to first guaranty, did not extend it.**

2. A later guaranty executed by a part of those who signed the first and by others, which made no reference to the first nor to prior debts, did not continue the first in force.

**Later guaranty did not cover renewals of prior loans.**

3. The later guaranty was prospective only and did not cover prior loans although renewed after it was made.

**Finding of fact did not justify conclusion of law for defendant.**

4. After the last guaranty, the company indorsed certain notes to plaintiff and received credit therefor. The court found as a fact that the amounts so credited were loans, but directed judgment for the guarantor. This was error for which a new trial is granted of this issue.

Guaranty, 28 C. J. p. 948 n. 91; p. 950 n. 10; p. 1000 n. 36; p. 1036 n. 54.

See 12 R. C. L. 1083; 2 R. C. L. Supp. 1547; 5 R. C. L. Supp. 674; 7 R. C. L. Supp. 404.

Action in the district court for Goodhue county to recover of defendant upon his individual liability on two contracts of guaranty signed by him as a member of the Goodhue County Co-operative Company for loans made by the plaintiff to the company. The court found that defendant was not liable on either guaranty, and

[1] Reported in 219 N. W. 454.

plaintiff appealed from an order, Schultz, J. denying its motion for a new trial.    Reversed in part.

*Oscar Hallam, Thomas Mohn* and *Horace W. Mohn,* for appellant.
*A. J. Rockne and Albert Mohn,* for respondent.

TAYLOR, C.

Defendant and 29 other members of the Goodhue County Co-operative Company signed a guaranty to the Goodhue County National Bank dated January 28, 1916.    This guaranty was construed in Goodhue County Nat. Bank v. Fleming, 168 Minn. 50, 209 N. W. 533, and its terms are there set forth.    It is sufficient for present purposes to say that after reciting that the company would need to borrow money frequently and could obtain the necessary loans from the bank, the obligors bound themselves jointly and severally to pay each of the loans so made, and agreed that the guaranty should be binding and in full force for a period of five years from its date and until all loans made thereunder were fully paid.    It further provided that no one individual should be liable for more than $500 under it.    A second guaranty similar in form and dated August 24, 1916, was signed by certain other members of the company.    A third guaranty similar in form and dated January 12, 1921, was signed by a part of the members who had signed the first guaranty, by a part of the members who had signed the second guaranty, and by several members who had not signed either of the prior guaranties. Defendant signed the first and third of these guaranties, and this suit is brought to enforce his liability thereunder for loans made by the bank to the company.    Similar suits are pending against other signers.    The court made findings of fact and as a conclusion of law held that defendant was not liable under either guaranty and directed judgment in his favor.    Plaintiff appealed from an order denying a new trial.

The bank made loans to the company in considerable amounts which remain unpaid, and also gave the company credit for several so-called "trade notes" which also remain unpaid.

We will first consider the matter of the admitted loans.    They were all made in the years 1916 and 1917, were renewed from time

to time for definite periods without the knowledge or consent of the guarantors, and were all so renewed after the expiration of the period covered by the first guaranty. In Goodhue County Nat. Bank v. Fleming, 168 Minn. 50, 209 N. W. 533, it was held that such renewals made after the expiration of the period covered by the first guaranty without the consent of the guarantors released the signers of that guaranty from liability for the loans so renewed. It is conceded that that decision determines that defendant is not liable upon the first guaranty for any of these debts and, if liable at all, it is by virtue of the third guaranty.

Plaintiff argues that the third guaranty should be given effect as renewing the first guaranty and continuing it in force for the additional period. We are unable to concur in this view. The signers of the third guaranty executed it without any knowledge of the existence of debts incurred while the first was in force. The third guaranty is complete in itself and makes no reference whatever to the first. The guarantors are not the same; part of those who signed the first did not sign the third, and part of those who signed the third did not sign the first. The court made no finding to the effect that the third was intended as a renewal of the first, and the record will not permit this court to say that such was the fact.

Plaintiff claims that although the third guaranty was not a renewal of the first, yet defendant is liable thereon for these loans. We are unable to sustain this contention. Defendant received no consideration for executing the guaranty. It does not express any consideration for making it and is within the statute of frauds, G. S. 1923, § 8456, except as to loans made in reliance upon it. It did not constitute any part of the consideration for the loans in question, for the transactions in which they were made were completed long before it was given.

The loans were renewed by giving new notes therefor after the execution of the third guaranty, and plaintiff urges that these transactions amounted to the making of new loans to pay the old ones. Defendant did not know of the existence of the prior debts. No new debts were created. The original liability of the company for

the prior debts still continues. The guaranty contains no provision assuming liability for obligations then existing. It speaks only of money to be borrowed in the future and cannot be construed as intended to cover pre-existing debts. The rule is well established that such guaranties are prospective only and do not include renewal notes subsequently given for prior debts. They cover prior debts or renewals thereof only when the intention to do so clearly appears. Nat. Bank of Commerce v. Rockefeller, 174 F. 22, 98 C. C. A. 8; Deseret Nat. Bank v. Dinwoodey, 17 Utah, 43, 53 P. 215; Emerson-Brantingham I. Co. v. Raugstad, 65 Mont. 297, 211 P. 305; Pritchett, Baugh & Co. v. Wilson, 39 Pa. 421; First State Bank v. Boetcher, 154 Wis. 444, 143 N. W. 172; American Sec. Bank v. Liberty Motor Co. 124 Wash. 678, 214 P. 1062; Drake v. Sherman, 179 Ill. 362, 53 N. E. 628; Whitehead v. American L. & B. Co. 70 N. J. Eq. 581, 62 A. 554; Crowder v. Dick & Co. 24 Miss. 39; Fraser v. Farmers Co-op. Co. 167 Minn. 369, 209 N. W. 33, 913.

The matter of the so-called "trade notes" presents a more troublesome question. These notes were received by the company from third parties in the regular course of its business. As they were received, the company indorsed and transferred them to the bank, which accepted them and gave the company credit for the respective amounts thereof. These transactions all occurred subsequent to the giving of the third guaranty. Thirteen of these notes, amounting in the aggregate to about $1,800, remain unpaid. If the liability of the company rested upon its indorsement of the notes, which ordinarily would be the case, we should have no difficulty in holding that it is not covered by the guaranty, for that instrument covers only loans made by the bank to the company. But the complaint alleges that the bank loaned these several sums to the company and that the company at the time of each loan indorsed to the bank a note made by a third party for a like amount. The finding made by the court is in substantially the same language, but is followed by an order directing judgment for defendant. Plaintiff relies upon this finding as establishing that these transactions were loans and not a purchase of the notes. It is binding upon defendant for he took no appeal, and consequently it is binding upon this court.

Plaintiff insists that this finding having established that these transactions were loans made after the execution of the third guaranty, it necessarily follows as a conclusion of law that defendant is liable therefor. It is plain that the finding of fact does not justify the conclusion of law. One or the other is erroneous. This court takes the facts to be as found by the triers of fact unless they are attacked on the ground that they are not sustained by the evi dence. 1 Dunnell, Minn. Dig. (2 ed.) § 434.

The order is reversed, but the new trial will be limited to the issues relating to the so-called "trade notes."