SOUTHERN MINNESOTA JOINT STOCK LAND BANK OF MINNEAPOLIS v. ERNEST E. PECK AND OTHERS.[1]

March 3, 1933.

No. 29,392.

*Mason W. Spicer,* for appellants.

*Houston & Huber* and *Junell, Driscoll, Fletcher, Dorsey & Barker,* for respondent.

STONE, JUSTICE.

After foreclosing by advertisement a mortgage on Minnesota real estate, plaintiff sued defendants for a deficiency judgment and prevailed as against defendants Baune and Becher, Barrett, Lockerby Company, a corporation, who appeal from the judgment. There is no question as to the liability or its amount. The only defense is that the action was premature in that the portion of the debt sued for was not due under the controlling documents at the time the action was brought. A very brief and general summary of the facts is sufficient for an understanding of that issue.

In 1922 defendants Peck, then the owners thereof, mortgaged the involved lands to plaintiff. The mortgage debt was $8,000, payable on an amortization plan in 65 instalments. The note included an

[1]Reported in 247 N. W. 242.

acceleration clause giving plaintiff, or any legal holder of the obligation, the option to declare immediately due and payable "the remaining principal and accrued interest" for any default under either mortgage or note. That option was exercised by the foreclosure and sale.

The two appellants have become liable through subsequent conveyances and contracts whereby they assumed and agreed to pay the mortgage debt. It being conceded that the Becher, Barrett, Lockerby Company is liable if its codefendant Baune is to be held, it is sufficient to consider the case as to him alone. There was an express assumption and agreement to pay the mortgage debt by the appellants under date of June 1, 1923. Later, and in July, 1928, Baune procured from plaintiff a so-called "interest reduction agreement." Thereby Baune agreed to pay the mortgage debt "as herein provided" and waived a prepayment option given him by note and mortgage. It expressly stipulated "that this agreement shall in no manner change or alter the provisions of the note and mortgage aforesaid in any other manner than herein expressed, * * * and that all covenants, agreements and provisions in said note and mortgage shall remain in full force and effect, save as herein expressly altered and modified."

It may be conceded that if there were no acceleration clause in the note, any such stipulation of the mortgage (the effect of which we need not consider) might not be helpful to plaintiff under the rule of Winne v. Lahart, 155 Minn. 307, 193 N. W. 587, 34 A. L. R. 844, and the earlier cases there cited. That rule was adhered to in Jordan v. Flour City F. & T. Co. 159 Minn. 518, 199 N. W. 231. See also Amidon v. Traverse Land Co. 181 Minn. 249, 232 N. W. 33. But, unfortunately for appellants, the acceleration clause upon which plaintiff relies is in the note itself. The argument that the assumption here was only of the obligations evidenced by the mortgage, to the exclusion of any additional burden imposed by the note, is negatived by the interest extension agreement. It expresses contractual assumption of all obligations of the note and the intention that all its "covenants, agreements and provisions," as well

as those of the mortgage, should "remain in full force and effect, save as herein expressly altered and modified." There is nothing modifying the acceleration clause of the note upon which plaintiff claims. So it was entitled to prevail as against the defense that the indebtedness had not matured under the terms of the mortgage and could not be matured. The facts of the controlling documents themselves are decisively against appellants on that point.

Judgment affirmed.

OLSEN, JUSTICE, took no part in the consideration and decision of this case.