JOHNSTON HARVESTER COMPANY vs. GEORGE CLARK.

March 17, 1883.

**Written Contract—Insufficient Denial of Signature.**—In an action in justice's court upon a written instrument purporting to have been signed by the defendant, an answer denying such execution, verified by the attorney of the defendant to the effect that he believes it to be true, is not such a denial upon oath of the execution of the instrument as is required by statute to put the plaintiff to other proof of the fact than such as the instrument itself affords.

**Same—As Evidence of Incorporation.**—A contract embracing, in addition to the elements of a simple promissory note, contract stipulations respecting the title and possession of personal property, is not, within the statute making a " promissory note, bill of exchange, or other written instrument for the payment of money only," *prima facie* evidence of the incorporation of the plaintiff to whom such instrument was executed.

**Same—Admission of Plaintiff's Incorporation.**—A written contract made by defendant with the plaintiff by the name in which it sues (claiming to be a corporation) is *prima facie* proof against the defendant, in the nature of an admission, of the existence of a legal entity having that name and with capacity to contract, and of the right of the person or being represented by that name to enforce the contract by action. No other defence than that the plaintiff was not incorporated being interposed, proof of the incorporation of the plaintiff was not necessary to sustain a recovery.

**Justice Court—Variance.**—Mere variance between pleadings and proof should be disregarded, unless it appear that the adverse party is prejudiced thereby.

**Stipulation for "Attorney's Fee"—Proof of Actual Liability Therefor.**—A stipulation for the payment of an " attorney's fee " in a contract for the payment of money is not in itself void, but a recovery cannot be had without proof of the value of attorney's services in the action, and of a liability therefor incurred by the plaintiff.

Appeal by plaintiff from a judgment of the district court for Sibley county, *Macdonald*, J., presiding, reversing a judgment of a justice of the peace. The case is stated in the opinion.

*G. D. Emery*, for appellant, that the stipulation for attorney fees is proper and legal, and that plaintiff is entitled to recover the same, cited *Sperry* v. *Horr*, 32 Iowa, 184; *Davidson* v. *Vorse*, 52 Iowa, 384; *Smiley* v. *Meir*, 47 Ind. 559; *Smock* v. *Ripley*, 62 Ind. 81; *Seaton* v. *Scoville*, 18 Kan. 433; *Hendrix* v. *Rieman*, 6 Neb. 516; *Glenn* v. *Porter*, 12 Cent. Law Jour. 333.

*S. & O. Kipp*, for respondent, cited, *contra*, *White* v. *Iltis*, 24 Minn. 43; *Myer* v. *Hart*, 40 Mich. 517; *Bullock* v. *Taylor*, 39 Mich. 137; *Dow* v. *Updike*, 11 Neb. 95.

DICKINSON, J. This action was commenced in justice court, where judgment was recovered by the plaintiff. The defendant appealed to the district court upon questions of law alone, and the judgment of the justice was reversed. From such judgment of reversal the plaintiff appealed to this court.

The complaint alleged the incorporation of the plaintiff, and the making by the defendant to the plaintiff of his promissory note, whereby he promised, for value received, to pay plaintiff or order, at a time named, the sum of $73, with interest, with the further condition that if the same was not paid when due, and suit should be brought thereon, the defendant would pay the sum of $10 as attorney's fees, in addition to the taxable costs. The answer, which was verified by the defendant's attorney to the effect that he believed it to be true, denied the making of the "note," and denied the incorporation of the plaintiff. Upon the trial the plaintiff offered in evidence an instrument in writing, with the name of George Clark appended as signer or maker thereof, bearing the date and expressing the promise or contract alleged in the complaint. The instrument contained certain other terms of agreement respecting the title and possession of personal property, and was not a simple promissory note. This evidence was objected to as being irrelevant, and for variance from the complaint, but was received and judgment rendered thereon, no other evidence being presented. The justice added to the taxable costs $10, under the stipulation for attorney's fees, and, probably by some error in computation, added 30 cents more to the costs, which does not seem to have been properly included therein.

1. The statute (Gen. St. 1878, c. 73, § 89,) provides that "every written instrument, purporting to have been signed or executed by any person, shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit." The answer of the defendant, although verified by his attorney in the form prescribed by the General Statutes in force when the above recited act was adopted, did not constitute such a denial upon oath of the execution of the instrument upon which a recovery is sought as the latter enactment requires, in order to prevent its operation in dispensing with other proof than the instrument itself affords.

2. The instrument was not a "promissory note, bill of exchange, or other written instrument for the payment of money only," and hence was not by force of the statute (Gen. St. 1878, c. 73, § 98,) evidence of the existence of the plaintiff as a corporation. But, by contracting with "The Johnston Harvester Company," the defendant recognized the existence of some legal entity known by that name, and having capacity to contract; and the contract was itself sufficient *prima facie* proof against the defendant, in the nature of an admission on his part, of the right of the person or being represented by that name to enforce the contract by action. *French* v. *Donohue*, 29 Minn, 111; *Topping* v. *Bickford*, 4 Allen, 120; *Congregational Society in Troy* v. *Perry*, 6 N. H. 164; *Den* v. *Van Houten*, 10 N. J. Law, 270; *Jones* v. *Cincinnati Type Foundry Co.*, 14 Ind. 89. No defence to the contract is interposed, save the denial of its execution; and, although the Johnston Harvester Company be not a legal corporation, yet a recovery may be had on the contract by the real party in interest therein. The contracting parties have designated that party as the Johnston Harvester Company. The defendant does not plead that this plaintiff, suing by that name, is not the real party in interest, nor does the answer allege a misnomer or defect of parties. The judgment of the justice should not be set aside for want of proof of incorporation.

3. The variance between the complaint and the proof, respecting the instrument upon which a recovery was sought, should have been, as it was, disregarded, it not appearing that the defendant was prej-

udiced thereby. , Gen. St. 1878, *c.* 65, § 34; *Catlin* v. *Gunter*, 11 N. Y. 368.

4. It is claimed that the agreement respecting attorney's fees is void. This position is inconsistent with the decisions of this court, and cannot be sustained. In *Jones* v. *Radatz*, 27 Minn. 240, it was decided that a stipulation in a promissory note otherwise negotiable for reasonable attorney's fees, introduced an element of uncertainty into the contract, which made it non-negotiable. This would not have been the result if the stipulation had been void. See, also, *Pinney* v. *Jorgenson*, 27 Minn. 26. But the attorney's fees were only recoverable upon proof of the value of attorney's services in the action, and of a liability actually incurred by plaintiff therefor. 1 Daniel on Neg. Inst., § 62; *Wyant* v. *Pottorff*, 37 Ind. 512.

To the extent of the $10 included in the judgment as attorney's fees, and of 30 cents, error in computation of costs, the judgment of the justice was erroneous. A reversal in the district court was not, however, necessary; the judgment should have been modified by deducting the $10.30.

The judgment of the district court is reversed, and the cause remanded to that court that judgment may be entered as above indicated.