CONTINENTAL INSURANCE COMPANY v. J. S. RICHARDSON.[1]

October 21, 1897.

Nos. 10,737—(121).

69  433
f77  511

Justice's Court—Action on Instrument for Payment of Money—Complaint.

> This action originated in justice's court. The complaint was oral, and entered in the docket in these words: "Plaintiff for his complaint files with the court, verified, * * * a certain promissory note, on which there appears to be due the sum of forty dollars, for which amount they ask judgment." *Held*, that the complaint stated a cause of action.

Same—Appeal to District Court—Presumption.

> On a trial in the district court of an appeal on questions of law alone from a justice's judgment, and where it does not appear that the return contains all of the evidence, and no request therefor is shown to have been made, it will be presumed that sufficient competent evidence was given to support the judgment.

Same—Corporate Existence—Evidence.

> *Held*, following Johnston v. Clark, 30 Minn. 308, that a written contract made by the defendant with the plaintiff by the name in which it sues (described as a corporation) is prima facie proof against the defendant of the existence of a legal entity having that name, and with capacity to contract, and of the right of the person or being represented by that name to enforce the contract by action.

Appeal by plaintiff from a judgment of the district court for Otter Tail county, entered pursuant to an order by Baxter, J., reversing a judgment for plaintiff rendered in justice's court. Reversed.

*M. J. Daly*, for appellant.

*E. E. Corliss*, for respondent.

START, C. J.

This action originated in justice's court. The complaint was oral, and was entered in the justice's docket in these words:

"Plaintiff for his complaint files with the court, verified, * * * a certain promissory note, on which there appears to be due the sum of forty dollars, for which amount they ask judgment, together with their costs and disbursements."

[1] Reported in 72 N. W. 458.

69 M.—28

The note referred to in the complaint was as follows:

"$40.00. For value received in policy No. B.————, dated the
———— day of ————, 18—, issued by the Continental Insurance
Company of New York, I promise to pay to said company, or order,
at their office in Chicago, Ill., forty dollars, in instalments as fol-
lows: Ten dollars and ———— cents upon the first day of July, 1892,
and ten dollars and ———— cents upon the first day of July, 1893,
and ten dollars and ———— cents upon the first day of July, 1894,
and ten dollars and ———— cents upon the first day of July, 1895,
without interest. And it is hereby agreed that, in case of nonpay-
ment of any one of the instalments herein named at maturity, this
company shall not be liable for loss during such default; and the
policy for which the note was given shall lapse until payment is
made to this company in New York, or to the Western department
at Chicago; and in the event of nonsettlement for time expired, as
per terms on short rates, the whole amount of instalments remain-
ing unpaid on said policy may be declared earned, due, and payable,
and may be collected by law. Given in payment for a policy of in-
surance. If transferred either before or after maturity, this obli-
gation shall be subject to all defenses as if owned by the payee
herein named.

· "J. S. Richardson."

The answer was a general denial, and contained this further alle-
gation: "The plaintiff is not a corporation, as alleged in said com-
plaint."

On the trial one witness was sworn on behalf of the plaintiff, and
the note was received in evidence, over the objection and exception
of the defendant. The defendant offered no evidence, and the jus-
tice gave judgment for the plaintiff for $40, from which the defend-
ant appealed to the district court on questions of law alone, which
court reversed the judgment of the justice court, and entered judg-
ment for the defendant, from which the plaintiff appealed to this
court.

The defendant claims that the judgment of the justice was erro-
neous for two reasons:

1. That the complaint does not state a cause of action. The com-
plaint was made under the provisions of G. S. 1894, § 4984, which is
to the effect that, when a cause of action upon an account or instru-
ment is for the payment of money only, it is sufficient for the party
to deliver the instrument to the court, and to state that there is
due to him thereon from the adverse party a specified sum, which

he claims to recover. The objections to the complaint are that it does not state that there is due upon the instrument a specified sum; that the statement that there appears to be due upon the instrument $40, for which amount the plaintiff asks judgment, is not a compliance with the statute. The claim is too technical for the practical administration of justice. Pleadings in a justice's court must be liberally construed. The plaintiff in this complaint demands judgment against the defendant for $40, that is shown to be due to it from the defendant by the instrument delivered to the court as a part of the complaint. This is a substantial compliance with statute, and the complaint states a cause of action.

The further objection is made that the instrument in question is not one for the payment of money. It may not be a promissory note, within the law merchant, but it is an instrument for the payment of money only, within the meaning of this statute.

2. That the judgment of the justice was also erroneous because there was neither allegation nor competent evidence of the plaintiff's legal existence. There was no such allegation, but it does not appear from the record that no such evidence was given. There was one witness sworn for the plaintiff, but his testimony was not returned. The record shows no request to the justice to return the evidence, and his certificate does not show that he did return all of the evidence. The presumption is that the evidence was sufficient to sustain the judgment. Hinds v. American, 24 Minn. 95.

Again, the defendant, by contracting with the "Continental Insurance Company," recognized the existence of some legal entity known by that name, and having capacity to contract; and the contract was itself prima facie proof against the defendant, in the nature of an admission of the right of the person or being represented by that name to enforce the contract by action. Johnston v. Clark, 30 Minn. 308, 15 N. W. 252. The plaintiff, the Continental Insurance Company, is described in the title of the action as a corporation, and it produced and introduced the note or instrument in which the defendant had contracted with it by such name. This was sufficient, prima facie, to entitle it to recover from the defendant the amount due upon the note.

The judgment of the justice's court was not erroneous, and that of the district court must be reversed, and the case remanded, with directions to the district court to enter judgment affirming that of the justice's court. So ordered.