## In re SCHOLTZ-MUTUAL DRUG CO.

(District Court, D. Colorado. May 12, 1924.)

### No. 4760.

1. **Landlord and tenant** ⬅101½—**Lease held to provide for forfeiture in event of filing of bankruptcy proceedings.**

   A lease providing for termination "if, at any time during the term hereby demised, proceedings in bankruptcy shall be instituted by or against the lessee," *held* to provide for forfeiture in event of filing of petition in bankruptcy.

2. **Landlord and tenant** ⬅101½—**Parties may agree for forfeiture on bankruptcy proceedings by or against lessee.**

   A clause in lease providing for forfeiture in event proceedings in bankruptcy are instituted by or against lessee is valid.

3. **Landlord and tenant** ⬅101½—**Lease forfeited by appointment of receivers in bankruptcy proceeding.**

   A clause in a lease providing for forfeiture if a receiver or trustee "shall be appointed of the lessee's property" was breached where proceedings in bankruptcy were filed against lessee and receivers were appointed, without more.

4. **Equity** ⬅62—**Follows law so far as law goes in securing rights to parties.**

   Equity follows law, so far as law goes in securing rights to parties, and where lease provides for forfeiture on filing of bankruptcy proceedings against lessee, or appointment of receivers of his property, such provision will be enforced, despite fact that forfeitures are not favored.

5. **Equity** ⬅24—**Forfeiture clause in lease requiring payment of rent held penalty.**

   A clause in lease providing that, on termination by filing of bankruptcy proceedings or appointment of receivers, "all future installments of rent unpaid * * * shall at once become due and payable," calls for penalty, against which a court of equity can give relief, as damages can be easily ascertained.

In Bankruptcy. In the matter of the estate of the Scholtz-Mutual Drug Company, bankrupt. Petition by the Denver-America Theatre Company to forfeit lease. Motions to dismiss petition denied.

SYMES, District Judge. The Denver-America Theatre Company has filed a petition in this proceeding from which it appears that it is the owner of certain property at the corner of Sixteenth and Curtis streets, in the city of Denver, and that it has succeeded to all the rights and liabilities as lessor of a certain lease made by its predecessor in title, the Bishop-Cass Investment Company, with the Scholtz-Mutual Drug Company, alleged bankrupt, as lessee. This lease, under which the bankrupt is, and has been for some time, in possession of the corner store, basement, and part of the second floor of the property mentioned, contains the provision:

"If, at any time during the term hereby demised, proceedings in bankruptcy shall be instituted by or against the lessee, or if the lessee shall compound the lessee's debts or assign over the lessee's estate or effects for payment thereof, or if any execution shall issue against the lessee, or any of the lessee's effects whatsoever, or if a receiver or trustee shall be appointed of the lessee's property, or if this lease shall by operation of law devolve upon or pass to any person or persons other than the said lessee, then and in each of said cases, this lease shall cease and come to an end three days after notice shall be sent by mail by the lessor to the lessee addressed to the premises. Upon such termination all future installments of rent unpaid, and all other sums due and payable or to become due and, payable by the lessee, shall at once become due and payable. Acceptance by the lessor of any sums either for rent or use and occupancy of the whole or any part of the demised premises, from any one other than the lessee personally, shall not be nor be deemed to be a waiver of any of the lessor's rights and remedies hereunder."

The petition then recites that on December 17, 1923, proceedings in bankruptcy were instituted in this court against the said the Scholtz-Mutual Drug Company, lessee, and that on December 24th receivers were appointed, who have since been and now are in possession and conducting the affairs of the bankrupt. It is then alleged that said bankrupt has breached the lease in three particulars, to wit, by proceedings in bankruptcy being instituted against it, by the appointment of receivers of the lessee's property, and by operation of law the said lease has devolved upon and passed to persons other than the Scholtz-Mutual Drug Company, to wit, the receivers, all contrary to the expressed terms and conditions of the lease aforesaid. The third ground was abandoned at the hearing, leaving the first two for our consideration. The receivers and the alleged bankrupt have filed motions to dismiss the petition.

[1, 2] It is admitted that proper notice of forfeiture of the lease for the reasons stated was served on December 28, 1923, and the facts are not disputed. The decision of the two points suggested involves the construction of the clause of the lease above set forth. I am of the opinion that the parties had in mind, and agreed at the time they executed the lease, that it should be forfeited, in the event of the filing of bankruptcy proceedings. That meaning is very clearly expressed, and it was unquestionably within the power of the parties to so contract. In other words, if the landlord did not want the lessee as a tenant after the happening of any of the events set forth in this clause, it had the undoubted right to make an agreement to that effect, and the lessee or its predecessor, having agreed thereto, cannot complain, even though the enforcement thereof involves some hardship. There can be no doubt that this clause has been breached in two particulars: First, by the filing of a petition in bankruptcy, which is a violation of the clause, "If at any time during the term hereby demised, proceedings in bankruptcy shall be instituted by or against the lessee." This phrase is comprehensive and all-inclusive, and is not limited in any particular, and is undoubtedly breached by the mere filing of a petition.

[3] The same may be said of the next clause, "or if a receiver or trustee shall be appointed of the lessee's property." It will be noted that there is no limitation on this in respect to how the receivership is brought about, and, like the other clause, it is not contingent on, or

restricted by, the happening or presence of any other event. Therefore In re Larkey (D. C.) 214 Fed. 867, is not in point. In the lease there construed, filing of proceedings in bankruptcy was ground for forfeiture only when by reason thereof the demised premises "shall be taken or attempted to be taken," a contingency which admittedly had not occurred. Likewise the provision in the covenant in that case in respect to a receiver was construed by the court to mean a receiver upon whom the title would devolve by legal proceedings or operation of law.

Empress Theatre Co. v. Horton (C. C. A.) 266 Fed. 657, is controlling here. It held that a forfeiture of a lease under its terms for the bankruptcy of the lessee cannot be restrained, in the absence of fraud or mistake. The court there, in construing a similar provision, stated that it was natural, reasonable, and just, and showed, as we think is true in this case, that the lessor and lessee contemplated the possible, and perhaps the probable, bankruptcy of the lessee, and provided that in such event the property, at the option of the lessor, should be returned to him. The opinion further says:

"Nor was there anything in the condition and covenants of this lease evil in itself, or prohibited by law, or contrary to the public policy of state or nation. The condition and covenants were not novel, but common provisions in leases. Conditions and covenants in leases of the same character have been repeatedly considered, and generally, nay almost universally, sustained and enforced, both by courts of equity and courts of law"—citing a large number of cases.

[4] It is urged, however, that forfeitures are not favored, either at law or in equity, and that a provision for forfeiture will be construed strictly in favor of the tenant. While this is probably a correct statement of the law, we see no reason for its application here, because the lessor is only asking for the enforcement of a well-established legal right, and in such case equity ought to, and does, follow the law and enforce the legal right. Equity follows the law so far as the law goes in securing rights to the parties, and where a legal right is clearly established, it would be inequitable to refuse its enforcement in a case such as that presented. Otherwise, we would be forcing upon the lessor an agreement entirely different from that actually made.

[5] The clause in question provides that, upon termination of the lease in the manner aforesaid, "all future installments of rent unpaid * * * shall at once become due and payable." I regard this as a penalty, against which a court of equity can give relief, in view of the fact that such a clause is a penalty where, as here, the damages can be easily ascertained. For the same reasons the receiver should have reasonable time in which to surrender the premises.

The two motions to dismiss are denied.