RATHJE *v.* SIEGEL.

1. MORTGAGES—FORECLOSURE—ACCELERATIVE CLAUSE VALID — NOT AGAINST PUBLIC POLICY.

 An accelerative clause in a trust deed or mortgage, providing that if default be made in any one of the instalments of interest thereon, then at the election of the legal holder of the principal note the said principal sum, together with the accrued interest thereon, shall at once become due and payable, although harsh, is part of the contract, is not outlawed by public policy, and therefore is valid and enforceable.

2. SAME—FORFEITURE—EQUITY WILL NOT RELIEVE FROM ACCELERA-
TIVE CLAUSE IN ABSENCE OF SHOWING OF EQUITABLE GROUNDS
THEREFOR.

> Where, in proceedings to foreclose a trust deed or mort-
> gage, there is no dispute as to the amount due on an
> instalment of interest, and no excuse is shown for being
> in default, equity will not relieve from an accelerative
> clause giving the mortgagee the right to declare the prin-
> cipal sum, together with the accrued interest, at once due
> and payable, on the theory that said provision is in the
> nature of a forfeiture.

3. APPEAL AND ERROR—AMENDMENTS — BILL CONSIDERED AMENDED
IN SUPREME COURT.

> In a suit to foreclose a trust deed or mortgage, defend-
> ants' complaint that the bill did not state whether pro-
> ceedings at law had been commenced for the recovery
> of the debt should have been raised in the court below
> by motion or answer, when an amendment would have
> been permitted, and, where raised for the first time on
> appeal, will be treated as amended in the Supreme Court.

Appeal from Ottawa; Cross (Orien S.), J. . Sub-
mitted April 13, 1928. (Docket No. 130, Calendar
No. 33,610.) Decided July 24, 1928.

Bill by Frank C. Rathje, trustee for Bernard Barn-
ard, against Esther Siegel, Leo Greenberg, and Dina
Greenberg for the foreclosure of a trust deed or mort-
gage. From a decree for plaintiff, defendants Green-
berg appeal. Affirmed.

*Hugh E. Lillie,* for plaintiff.

*Fred T. Miles,* for appellants.

McDONALD, J. This is a suit to foreclose a trust
deed or mortgage executed April 1, 1924, by Esther
Siegel to Frank C. Rathje, trustee. The fee of the
property was afterwards acquired by defendants Leo
and Dina Greenberg, who assumed the obligations of
the trust deed which was then of record in the office

of the register of deeds of Ottawa county, Michigan. It specified the time and place where the interest should be paid, and provided that in case of default the legal holder might declare without notice the whole amount immediately due and payable.    There was default in the payment of the interest, and this bill to foreclose was filed.    On the hearing foreclosure was decreed.    The defendants Leo Greenberg and Dina Greenberg have appealed.

The only question involved is whether the following provision of the trust deed is valid and enforceable:

"It is agreed that if default be made in the payment of any one of the instalments of interest thereon, then at the election of the legal holder or holders of said principal note, the said principal sum together with the accrued interest thereon, shall at once become due and payable; said election to be made at any time after such default without notice."

The defendants contend that this provision of the trust deed is in the nature of a forfeiture, and that in view of the circumstances equity ought to relieve them from it.

The record shows no circumstances that bring the case within the rule announced in *Wilcox* v. *Allen*, 36 Mich. 160, cited and relied on by the defendants.    In that case, the default was on account of an honest dispute as to the amount of the interest due.    The court said:

"We are all clearly of opinion that advantage can only be taken of a clause of this kind in a case where there can be or ought to be no reasonable dispute between the parties as to the amount due and unpaid. Where the mortgagor in good faith and upon reasonable grounds denies his liability to pay interest, or if he is so liable, claims it to have been paid, he cannot thus be made liable, even though it should turn out that he was in error.    This clause is in the nature of a forfeiture or penalty.    Its object is to punish for a willful neglect of a clear duty, and to hold it applicable

to and apply it in a case where there was an honest dispute, would be harsh and unjust, and contrary to all well settled equitable principles."

In the instant case, there was no dispute as to the amount due.    The defendants had purchased the property and had assumed the mortgage.    It was on record. It specified the time and place for payment of the interest.    Mr. Barnard acquired the mortgage from one Carl Edward, and, before the interest was due, Edward called the Greenbergs by telephone, talked with Mrs. Greenberg, informed her of the sale to Barnard, and reminded her of the time and place for the payment of interest.    The record shows no excuse for the default.    In view of the facts, what was said by Mr. Justice WIEST in *Brody* v. *Crozier*, 242 Mich. 660, is applicable here:

"Counsel for the defendant contends that the accelerative provision is inequitable, invalid, and unenforceable.    The provision is harsh, but a part of the contract, and is not outlawed by public policy, nor invalid or unenforceable.    It was probably unwise for the defendant to place his interest in the property at the mercy of plaintiff, but we are powerless to extend him anything more than commiseration."

The defendants' complaint that the bill does not state whether proceedings at law had been commenced for the recovery of the debt is raised for the first time in this court.    It should have been brought to the attention of the lower court by motion or answer. If it had been, an amendment would have been permitted.    We will treat it as amended in this court.

The record presents no valid objections to the foreclosure decree.    It is affirmed, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.