Daniel G-. Albert, J.
Plaintiff instituted this action for judgment declaring that the lease between plaintiff and defendants remains in force and effect despite the filing of an involuntary petition in bankruptcy against plaintiff which, according to the literal terms of the lease, had the effect of authorizing the defendant landlords to terminate such lease. Both-parties seek summary judgment, and it is hence conceded that there is no triable issue of fact to bar the granting of summary relief.
On November 4, 1970 plaintiff was assigned the subject lease by the prior tenant; in December, 1972 no rent was paid; on December 12, 1972 a summary proceeding for nonpayment of rent was commenced (later dismissed due to the pending bankruptcy proceeding); on December 19, 1972, in violation of the lease, an involuntary petition in bankruptcy was filed by three creditors against the plaintiff and a Receiver was appointed by the United States District Court, with all other proceedings *351 enjoined. On January 10,1973 defendants served plaintiff with a notice of termination of the lease, alleging three grounds for termination, only one of which is pressed before the court on these motions for summary judgment, viz., the filing of an involuntary petition in bankruptcy against the plaintiff tenant. After various motions and proceedings in the United States bankruptcy court for the Eastern District of New York, the bankruptcy petition was dismissed on the merits by the Referee in Bankruptcy on February 20,1973 apparently because of a technical defect in the petition, withotit opposition by the three petitioning creditors but over the strenuous objection of the landlord. The creditors acquiesced in the dismissal for the apparent reason that they consented to a compromise with the plaintiff of 20 cents on a dollar, such settlement being contingent on the continued efficacy of the lease in issue here.
Plaintiff contends that since the petition in bankruptcy was dismissed on the merits without an adjudication of bankruptcy, a mere technical breach of the lease occurred, insufficient to allow termination thereof by the landlord defendants. Nothing could be less correct, "While it is a truism that equity abhors a forfeiture, it is similarly said that a court will not interfere with and rewrite a contract, freely entered into by the parties without fraud or duress, that is clear and unambiguous on its face. (Compare Noyes v. Anderson, 124 N. Y. 175, with First Nat. Stores v. Yellowstone Shopping Center, 21 N Y 2d 630.)
It is clear that the parties agreed that the landlord would have the option to terminate the lease “ if the Tenant shall file or there be filed against the Tenant a petition in bankruptcy or arrangement, or Tenant be adjudicated a bankrupt ”. The provision concerning the filing of an involuntary petition was not included in an earlier lease, was added to the present lease and if it means anything, it means that the tenant need not be adjudicated a bankrupt (for that is an alternate ground for termination), but that the filing of a petition, barring any mistake, fraud or connivance on the part of the landlord, constitutes in itself grounds for termination. (Pierre Assoc. v. Citizens Cas. Co. of N. Y., N. Y. L. J. May 8, 1970, p. 15, col. 2; Matter of Scholtz-Mut. Drug Co., 298 F. 539.)
Here the tenant was manifestly insolvent, which gave rise to the filing of the petition in bankruptcy against it, and the subsequent dismissal of the petition on technical grounds, without opposition, does not relieve the tenant of the obvious import of the above-quoted language of the lease which authorizes a termination by the landlord. Balancing the equities, I cannot find that plaintiff is entitled to avoid the effect of the agreement *352 which it became party to by assignment. (Mann v. Ferdinand Munch Brewery, 225 N. Y. 189; Stewart v. Long Is. R. R., 102 N. Y. 601.) Plaintiff claims on the one hand that since it was riot adjudicated a bankrupt it should not be held to the strict terms of the lease; on the other hand, defendant claims that the plaintiff is insolvent, having settled for 20 cents on a dollar with its creditors, and it is precisely this type of situation which the lease contemplates and which authorizes the landlord to require strict compliance with the literal provisions of the lease. While both positions possess equitable considerations, the burden to evade the clearly worded lease provision is on the plaintiff, and it has not established its right to equitable relief so ás to bar the landlord from enforcing the operative terms of the lease. (See, e.g., Saks v. Stinemetz & Son Co., 293 F. 1005.)
Moreover, there was no outstanding order of the Bankruptcy Court precluding the landlord from serving its notice of termination of January 10, 1973, and consequently the notice was properly served and fully effective to oust the plaintiff from its leasehold as provided in the terms of the lease.
For all these reasons, defendants are granted summary judgment declaring the lease between the parties terminated, declaring that the defendants are entitled to sole possession of the premises 1304-1306 Broadway, Hewlett, New York, and dismissing the complaint herein with prejudice, without costs and disbursements. Plaintiff’s motion for summary judgment is denied in all respects.